NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0196n.06

Case No. 24-3769

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

FILED
Apr 10, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| DANTE T. H. BERRY, | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: THAPAR, READLER, and BLOOMEKATZ, Circuit Judges.

PER CURIAM. Dante Berry appeals his conviction for being a felon in possession of a firearm and ammunition. He argues that the relevant statute is unconstitutional. But, as he acknowledges, our binding precedent says it isn't. So, we affirm.

I.

When police pulled over a car during a routine traffic stop, they discovered Dante Berry seated in the back seat with a 9mm handgun at his feet. So they ordered him and the driver out of the car and arrested them both. During the arrest, the police seized the handgun and found that it was fully loaded. Later testing revealed that it had Berry's DNA on its grip and slide. Because Berry had a prior felony conviction, he couldn't legally possess a firearm.

A grand jury indicted him for being a felon in possession of a firearm and ammunition. 18 U.S.C. § 922(g)(1). Berry moved to dismiss the indictment. He raised facial and as-applied

challenges to the constitutionality of § 922(g)(1), arguing the statute deviated from our nation's history and tradition of firearm regulations.

The district court rejected these claims. Berry pled guilty and was sentenced to 30 months. He preserved his right to appeal the district court's ruling on the felon-in-possession statute.

## II.

Berry brings two claims on appeal. First, he says that § 922(g)(1) is unconstitutional on its face. Second, he argues that § 922(g)(1) is unconstitutional as applied to him. Both arguments fail.

As Berry acknowledges, our precedent forecloses facial challenges to § 922(g)(1). Why? When a party brings a facial challenge, he must prove that there's no set of circumstances under which the statute is valid. *United States v. Rahimi*, 602 U.S. 680, 693 (2024). And, as this circuit has explained, many applications of § 922(g)(1) are constitutional, so a facial challenge fails. *United States v. Williams*, 113 F.4th 637, 657 (6th Cir. 2024). Insofar as Berry argues our binding caselaw is wrong, he must seek en banc or Supreme Court review.

Berry's as-applied challenge also fails. In *Williams*, we said that § 922(g)(1) is constitutional when applied to dangerous persons. *Id.* at 663. A person is presumptively dangerous if he has committed a crime "against the body of another human being" such as "murder, rape, assault, and robbery." *Id.* (internal quotation marks omitted). Berry has been convicted of robbery. And he hasn't overcome a presumption that he's dangerous. Rather, in addition to the robbery, he has at least five other convictions, has previously absconded, and has even violated pretrial orders here—all conduct showing a disregard for the law.

What's more, we've upheld the application of § 922(g)(1) to some individuals on probation for dangerous crimes. *United States v. Goins*, 118 F.4th 794, 798, 801–03 (6th Cir. 2024).

Berry was on probation for his robbery conviction at the time of this offense. As in *Williams*, that's a textbook dangerous crime. 113 F.4th at 663. While Berry argues that most of his prior convictions are nonviolent, the fact that he has committed a dangerous crime and, in addition, has a long history of disregarding the law means he hasn't rebutted the presumption that he's dangerous. *Id.* Thus, our precedent forecloses his as-applied challenge, too.

*       *       *

We affirm.